1
2
3
4
5
6
7                    **UNITED STATES DISTRICT COURT**
8                  **SOUTHERN DISTRICT OF CALIFORNIA**
9

10   UNITED STATES OF AMERICA,                    CASE NO. 16CR1930WQH
11                              Plaintiff,        ORDER
             vs.
12   MICHAEL MARTIN STEELE,
13                              Defendant.

14   HAYES, Judge:

15          The matter pending before the Court is the motion to dismiss the information

16   under § 1326(d) filed by the Defendant Michael Martin Steele.  (ECF No. 22).

17                          **FACTUAL BACKGROUND**

18          On December 20, 1993, Defendant was served with an Order to Show Cause and

19   Notice of Hearing charging him with being deportable under the Immigration and

20   Nationality Act on the grounds that he was a native of Jamaica; that he entered the

21   United States at or near New York, New York as a non immigrant visitor for pleasure;

22   and that he remained in the United States beyond the six month period without

23   authorization from the Immigration and Naturalization Service.  (ECF No. 22-2 at 32).

24   The Notice stated that the hearing was "to be calendared."  *Id*. at 34.  A Notice of

25   Hearing in the record indicates that a hearing was scheduled for October 14, 1994.

26          On October 13, 1994, Defendant was arrested and placed in state custody for a

27   violation of California Health and Safety Code § 11359, Possession of Marijuana for

28   Sale.  (ECF No. 22-2 at 2-3).

            On October 14, 1994, an immigration proceeding took place without the

1  Defendant present and an Immigration Judge ordered Defendant removed from the
2  United States to Jamaica.  (ECF No.22-2 at 7).

3      On March 14, 1996, Defendant was convicted of Possession of Marijuana for
4  Sale in violation of California Health and Safety Code § 11359 ("CHSC § 11359") and
5  sentenced to 365 days custody. (ECF No. 26-1 at 5).

6      On September 13, 1996, Defendant was served with an Order to Show Cause and
7  Notice of Hearing charging him with being deportable under the Immigration and
8  Nationality Act on the grounds that he was a native of Jamaica; and that he entered the
9  United States at or near New York, New York on or about September 15, 1995 without
10 inspection by an officer of the Immigration and Naturalization Service.  (ECF No. 22-2
11 at 38).

12     During a hearing on November 26, 1996, the Immigration Judge determined that
13 the Defendant had been inspected when he entered and additional charges of
14 deportability were filed.

15     At a hearing on December 3, 1996, the Immigration Judge found Defendant was
16 convicted of Possession of Marijuana for Sale in violation of CHSC § 11359 on March
17 14, 1996; and that Defendant was an aggravated felon.  (ECF No. 22-2 at 26-27.
18 Defendant was ordered deported.  (ECF No. 22-1 at 30 ).

19     On February 28, 1997, Defendant was sentenced to 24 months imprisonment
20 after a plea of guilty to the charge of Deported Alien Found in the United States in
21 violation of 8 U.S.C. § 1326(a).  (ECF No. 26-1 at 8-9).

22     On August 25, 2016, an Information was filed charging attempted entry of a
23 removed alien in violation of 8 U.S.C. § 1326 (a) and (b).  (ECF No. 12).

24                          **CONTENTIONS OF THE PARTIES**

25     Defendant moves to dismiss the information on the grounds that he has never
26 been lawfully deported from the United States.  Defendant contends that his October
27 1994 deportation *in abstensia* violated his due process rights.  Defendant contends that
28 the Immigration Judge at his December 1996 deportation hearing the Immigration Judge
   incorrectly concluded that he was an aggravated felon ineligible for relief from removal,

1 and that he was statutorily eligible for voluntary departure.

2     The Government does not rely upon the 1994 removal but contends that
3 Defendant's 1996 removal was valid.

4 **APPLICABLE STANDARD**

5     A predicate removal order is a necessary element of a § 1326 prosecution.  Under
6 8 U.S.C. § 1326(d), an alien criminal defendant may not challenge the validity of a
7 removal order "unless the alien demonstrates that – (1) the alien exhausted any
8 administrative remedies that may have been available to seek relief against the order;
9 (2)  the deportation proceedings at which the order was issued improperly deprived
10 [him] of the opportunity for judicial review; and (3) the entry of the order was
11 fundamentally unfair." 8 U.S.C. § 1326(d).   The entry of a removal order is
12 fundamentally unfair for the purposes of  § 1326(d)(3) only if the removal proceeding
13 violated the alien's due process rights and the alien suffered prejudice as a result.
14 *United States v. Arias-Ordonez*, 597 F.3d 972, 976 (9th Cir. 2010).

15 **ANALYSIS**

16     Defendant contends that his conviction under CHSC § 11359 for Possession of
17 Marijuana for Sale cannot categorically constitute a drug trafficking offense because the
18 mens rea element of the state statute is overbroad.   Defendant explains that the
19 California controlled substance schedule prohibits substances that are not prohibited by
20 the federal schedules; that CHSC § 11359 requires only that a defendant believe that he
21 possessed some California controlled substance; and that an accused could be convicted
22 under CHSC § 11359 believing that he possessed a controlled substance for which he
23 would be acquitted in federal court.  Defendant contends that the *mens rea* element of
24 CHSC § 11359 is not divisible, that the *mens rea* element of CHSC § 11359 is
25 overbroad, and that CHSC § 11359 categorically cannot constitute a drug trafficking
26 offense.  Defendant asserts that the United States Supreme Court in *McFadden v.*
27 *United States*, 135 S.Ct. 2298, 2304 (2015) made it clear that a violation of 21 U.S.C.
28 § 841(a)(1) requires a defendant to know that the substance he is dealing is an
unspecified substances listed on  the federal drug schedules.  Defendant asserts that

1   CHSC § 11359 covers a wider range of conduct because a federal drug trafficking

2   offense requires knowledge of an unspecified substance on the federal drug schedules

3   and CHSC § 11359 requires only knowledge of an unspecified substance on the

4   California drug schedules.

5       The Government contends that the Court of Appeals in the Ninth Circuit has held

6   CHSC § 11359 is a categorical aggravated felony, that Defendant was ineligible for

7   relief from removal, and that Defendant's due process rights were not violated by the

8   failure of the Immigration Judge to advise him of his right to voluntary departure.  The

9   Government asserts that the Defendant has not shown any realistic probability of an

10  overbroad application in this case; that CHSC § 11359 meets that requirement of "illicit

11  trafficking in a controlled substance" in 8 U.S.C. § 1101(a)(43)(B); and that CHSC §

12  11359 is not overbroad because knowledge of drug type is not an element of section

13  11359.  Finally, the Government argues that CHSC § 11359 was unquestionably an

14  aggravated felony in 1996 at the time of the immigration hearing.

15      In this case, Defendant was convicted of Possession of Marijuana for Sale in

16  violation of CHSC § 11359.  On March 14, 1996, and sentenced to 365 days custody.

17  (ECF No. 26-1 at 5).  At his removal hearing on December 3, 1996, the Immigration

18  Judge found that the Defendant had sustained a conviction on March 14, 1996 in the

19  San Diego Municipal Court in California for possession of marijuana for sale, that

20  Defendant had been convicted of a drug trafficking felony, and that the Defendant was

21  an aggravated felon.   (ECF No. 22-1 at 26-27).   As an aggravated felon, the

22  Immigration Judge concluded that the Defendant was ineligible for relief from removal.

23      8 U.S.C. § 1101(a)(43)(B) provides in relevant part: "[t]he term "aggravated

24  felony" means– . . . (B) illicit trafficking in a controlled substance (as defined in section

25  802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title

26  18)."  A defendant convicted of an aggravated felony under 8 U.S.C. § 1101(a)(43)(B)

27  is ineligible for voluntary departure, cancellation of removal, asylum, and withholding

28  of removal.  *See Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir. 2008) (finding

    possession of marijuana with intent to sell under Kansas state law is an aggravated

felony under 8 U.S.C. § 1101(a)(43)(B)).

In *Lopez-Jacuinde v. Holder*, 600 F.3d 1215, 1217 (9th Cir. 2010), the Court of Appeals stated:

> The Ninth Circuit has interpreted th[e] text [of 8 U.S.C. § 1101(a)(43)(B)] as providing two analytic routes through which a state drug felony may be classified as an aggravated felony: (1) if the state crime contains a "trafficking element," it is an aggravated felony under the "illicit trafficking in a controlled substance" prong of § 1101(a)(43)(B); or (2) if the state offense would be punishable as a felony under federal drug laws, it is an aggravated felony under the "including a drug trafficking crime" prong of that section. *See Rendon v. Mukasey*, 520 F.3d 967, 974 (9th Cir.2008).

600 F.3d at 1217. In *Daas v. Holder*, 620 F.3d 1215 (9th Cir. 2010), Daas was convicted under 21 U.S.C. § 841(d)(2) proscribing anyone from "possess[ing] or distribut[ing] a listed chemical knowing, or having cause to believe that the listed chemical will be used to manufacture a controlled substance." *Id.* at 1052. In this prosecution, Daas was supplying large quantities of over-the-counter decongestants. Daas was subsequently charged with removeability on the ground that his conviction amounted to an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). Daas asserted that his conviction did not qualify as an aggravated felony because it did not involve a controlled substance. Defendant "maintain[ed] that a 'drug trafficking crime' must meet two requirements to be considered an 'aggravated felony': it must be a federal felony under one of the three acts specified in 18 U.S.C. § 924(c)(2), and it must constitute illicit trafficking in a controlled substance." *Id.* at 1054. The Court of Appeals stated:

> Daas's argument is foreclosed by our decisions in *Lopez–Jacuinde*, 600 F.3d at 1217, and *Rendon v. Mukasey*, 520 F.3d 967, 974 (9th Cir.2008). There, we recognized that section 1101(a)(43)(B) "has given rise to two possible routes for a state drug felony to qualify as an aggravated felony." *Rendon*, 520 F.3d at 974 (citing *In re Davis*, 20 I. & N. Dec. 536, 541–43 (BIA 1992)); *see also Lopez–Jacuinde*, 600 F.3d at 1217 (noting that section 1101(a)(43)(B) "provid[es] two analytic routes" for determining when a state drug felony is an aggravated felony). First, the offense is an "aggravated felony" under the "illicit trafficking in a controlled substance" prong if the crime contains a trafficking element. *Lopez–Jacuinde*, 600 F.3d at 1217. Second, the offense is an "aggravated felony" under the "including a drug trafficking crime (as defined in section 924(c) of Title 18)" prong if it would be punishable under one of the three federal drug laws listed in 18 U.S.C. § 924(c)(2). *Lopez–Jacuinde*, 600 F.3d at 1217. These two routes are independent. *See id.* (noting that only the "drug

16cr1930WQH

trafficking crime" route was at issue in that case).

> Therefore, to the extent Daas argues that the phrase "including a drug trafficking crime" only applies to drug trafficking crimes for controlled substances (as opposed to listed chemicals), our case law is to the contrary. It makes clear that the two phrases provide independent definitions of "aggravated felony," and that either definition will suffice. *See id.; Rendon*, 520 F.3d at 974.

620 F.3d at 1054.

In *Rendon*, the Court of Appeals specifically addressed Rendon's contention that the BIA incorrectly found his Kansas conviction for possession with intent to sell marijuana to be an aggravated felony for the purposes of cancellation of removal, asylum, and withholding of removal. The Court of Appeals noted that his conviction is categorically an aggravated felony if "the fact of his conviction necessarily means that he was convicted of a crime satisfying either prong of the statutory definition" of aggravated felony in 8 U.S.C. § 1101(a)(43)(B). 520 F.3d at 974. The Court of Appeals addressed "what constitutes a 'trafficking element'" as follows:

> An "aggravated felony" is defined in part as "illicit trafficking in a controlled substance ..., including a drug trafficking crime." 8 U.S.C. § 1101(a)(43)(B). However, the statute does not further define "trafficking." The Supreme Court has stated that "ordinarily 'trafficking' means some sort of commercial dealing." *Lopez v. Gonzalez*, 549 U.S. 47, 127 S.Ct. 625, 630, 166 L.Ed.2d 462 (2006). Our own court has somewhat circuitously stated "that a drug offense with a trafficking element is 'illicit trafficking.' " *Cazarez-Gutierrez*, 382 F.3d at 910 n. 5. The Third Circuit has provided a slightly more concrete definition, stating that "[t]o contain a trafficking element, a state felony must involve 'the unlawful trading or dealing of a controlled substance.' " *Jeune v. Att'y Gen.*, 476 F.3d 199, 202 (3d Cir. 2007) (quoting *Gerbier v. Holmes*, 280 F.3d 297, 305 (3d Cir. 2002)). The Sixth Circuit has followed the same approach as the Third Circuit, but noted that under the Third Circuit definition "[i]t is not clear whether possession with intent to resell constitutes 'unlawful trading or dealing,' and thus trafficking." *Garcia-Echaverria v. United States*, 376 F.3d 507, 513 (6th Cir.2004) (quoting *Gerbier*, 280 F.3d at 313).

> Nevertheless, we need not elaborate beyond the Supreme Court's statement in *Lopez* to determine that Rendon's Kansas conviction contains a trafficking element. "Possession of marijuana with intent to sell" necessarily means that Rendon possessed the marijuana with the intent to engage in "some sort of commercial dealing." *Lopez*, 127 S.Ct. at 630. We therefore hold that possession of a controlled substance with the intent to sell contains a trafficking element and is an aggravated felony.

520 F.3d at 975-76

In *Roman-Suaste v. Holder*, 766 F.3d 1035, 1037-39 (9th Cir. 2014), the Court

of Appeals specifically addressed whether CHSC § 113599 which provides that "[e]very person who possesses for sale any marijuana, except as otherwise provided by law, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code" is an aggravated felony under 8 U.S.C. § 1101(a)(43)(B).  The Court of Appeals concluded,

> Possession of marijuana for sale under CHSC § 11359 contemplates a sale—that is, distribution of marijuana in exchange for remuneration. Furthermore, aiding and abetting liability under California law is no different from aiding and abetting liability under federal law. **We therefore hold that a conviction for possession of marijuana for sale under CHSC § 11359 is categorically an aggravated felony, namely "illicit trafficking in a controlled substance." 8 U.S.C. § 1101(a)(43)(B).**

766 F.3d 1037. (emphasis added).  *See also Thetford v. Lynch*, 650 Fed. Appx. 383 (2016) ("Our precedent holds that a conviction for possession of marijuana for sale under CHSC § 11359 is categorically an aggravated felony, namely 'illicit trafficking in a controlled substance.' ") and *Argueta v. Lynch*, 2016 WL 4088836 (9th Cir. August 2, 2016) ("Argueta's convictions for possession of marijuana for sale under California Health and Safety Code § 11359 are categorically aggravated felonies under 8 U.S.C. § 1101(a)(43)(B), illicit trafficking in a controlled substance, *see Roman–Suaste v. Holder*, 766 F.3d 1035, 1037 (9th Cir. 2014), which render him ineligible for asylum.").

On June 18, 2015, in *McFadden v. United States*, 135 S.Ct. 2298 (2015), the United States Supreme Court addressed the "knowledge necessary for conviction under § 841(a)(1) when the controlled substance at issue is in fact an analogue."  The Supreme Court held that "§841(a)(1) requires the Government to establish that the defendant knew he was dealing with 'a controlled substance.'"  The Court stated,

> The ordinary meaning of § 841(a)(1) thus requires a defendant to know only that the substance he is dealing with is some unspecified substance listed on the federal drug schedules. The Courts of Appeals have recognized as much. *See, e.g., United States v. Andino*, 627 F.3d 41, 45–46 (C.A.2 2010); *United States v. Gamez–Gonzalez*, 319 F.3d 695, 699 (C.A.5 2003); *United States v. Martinez*, 301 F.3d 860, 865 (C.A.7 2002).
>
> That knowledge requirement may be met by showing that the defendant knew he possessed a substance listed on the schedules, even if he did not know which substance it was. Take, for example, a defendant whose role

1
2
3

    in a larger drug organization is to distribute a white powder to customers. The defendant may know that the white powder is listed on the schedules even if he does not know precisely what substance it is. And if so, he would be guilty of knowingly distributing "a controlled substance."

4
5
6
7

    The knowledge requirement may also be met by showing that the defendant knew the identity of the substance he possessed. Take, for example, a defendant who knows he is distributing heroin but does not know that heroin is listed on the schedules, 21 CFR § 1308.11 (2014). Because ignorance of the law is typically no defense to criminal prosecution, *Bryan v. United States*, 524 U.S. 184, 196, 118 S.Ct. 1939, 141 L.Ed.2d 197 (1998), this defendant would also be guilty of knowingly distributing "a controlled substance."

8    135 S.Ct. at 2304.

9        Recent and clear precedent in this circuit squarely holds "that a conviction for
10   possession of marijuana for sale under CHSC § 11359 is categorically an aggravated
11   felony, namely 'illicit trafficking in a controlled substance.' 8 U.S.C. § 1101(a)(43)(B)."
12   *Roman-Suaste  v. Holder*, 766 F.3d at 1037 (9th Cir. 2014).  No fact or law discussed
13   in *McFadden v. United States*, 135 S.Ct. 2298 (2015) is contrary to this explicit holding
14   of the Court of Appeals.  This Court concludes that a conviction for possession of
15   marijuana for sale under CHSC § 11359 is categorically an aggravated felony, under
16   the first prong of 8 U.S.C. § 1101(a)(43)(B).  The Court of Appeals stated, "[b]ecause
17   'possession for sale' under CHSC § 11359 necessarily comprises only possession with
18   intent to distribute marijuana in exchange for remuneration, convictions under that
19   provision categorically qualify as aggravated felonies."  Because the conviction under
20   CHSC § 11359 is an aggravated felony, Defendant was ineligible for voluntary
21   departure.  Defendant has failed to prove that the 1996 removal proceeding violated his
22   due process rights.

23
24
25
26
27
28

16cr1930WQH

1    IT IS HEREBY ORDERED that the motion to dismiss the information due to an

2  invalid deportation (ECF No. 22) is denied.

3  DATED:  January 6, 2017

4

*William Q. Hayes*

**WILLIAM Q. HAYES**
United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28